**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**MONICA WILLIAMS,**

**Plaintiff,**                                                No. _____

-against-                                                **COMPLAINT**

**MIDLAND FUNDING LLC,**
**and FORSTER & GARBUS, LLP,**

**Defendants.**

---

## I. Introduction

1. This is an action for damages brought by an individual consumer for the violation by Defendants Midland Funding LLC and Forster & Garbus, LLP of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.,* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices. The debt sought to be collected by Midland Funding LLC and Forster & Garbus, LLP was an alleged consumer credit card debt of Plaintiff Monica Williams to pay money arising out of a transaction in which the money, property, insurance or services which were the subject of the transaction were primarily for personal, family, or household purposes.

## II.   JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331. Venue in this District is proper in that the Defendants transact business here and the conduct complained of occurred here.

## III.   PARTIES

3. Plaintiff Monica Williams ("Williams") is a natural person residing in the County of Monroe, State of New York.

4. Upon information and belief, Defendant Midland Funding LLC ("Midland"), is a foreign limited liability company organized under the laws of Delaware engaged in the business of collecting debts in New York State and elsewhere and is authorized to do business in this state, and has an address for service at c/o Corporation Service Company, 80 State Street, Albany, New York 12207.

5. Upon information and belief, Defendant Forster & Garbus, LLP ("Forster & Garbus") is a domestic registered limited liability partnership engaged in the business of collecting debts in New York and is authorized to do business in this state, and has an address for service at 60 Motor Parkway, Commack, New York 11725.

6. Midland is a debt collector as defined by the FDCPA, 15 U.S.C. § 1692a(6), as a person who uses one or more instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, and who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and/or Midland itself as a result of the purchase of consumer credit debt already in default at the time of purchase.

7. Forster & Garbus is a debt collector as defined by FDCPA, 15 U.S.C. § 1692a(6), as a person who uses one or more instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, and who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

8. Williams qualifies for purposes of this action as an individual consumer pursuant to the FDCPA, i.e., a natural person allegedly obligated to pay any debt.

2

## IV.     FACTUAL ALLEGATIONS

9.      On or about April 15, 2015, Midland by its attorneys, Forster & Garbus, served a collection action against Williams entitled *Midland Funding LLC A/P/O Capital One Bank (USA), N.A. v. Monica Williams*, Rochester City Court, Rochester, New York, Index No. CV-1710-15/RO.

10.     The complaint in the collection action alleged a single cause of action in which Midland alleged that it purchased a credit card account from Capital One Bank (USA), N.A. on which Williams was liable for $2,966.61.

11.     Midland further alleged in the collection complaint to have obtained the credit card account originally owned by Capital One Bank (USA), N.A. on which it brought a lawsuit against Williams, after the credit card account was already in default.

12.     Williams retained an attorney to defend her in the collection action, and incurred liability for attorney fees.  On or about April 21, 2015, Williams interposed an Answer in which she denied the allegations of the collection action complaint, and raised various affirmative defenses, including lack of standing.   On the same date, Williams also served discovery requests consisting of Interrogatories and a Notice of Discovery and Inspection.  In the discovery requests, Williams requested proof of Midland's claims.

13.     On December 7, 2015, Williams filed a Note of Issue.  Because the amount in controversy was less than $6,000.00, the matter was noticed for mandatory arbitration pursuant to 22 NYCRR Part 28.  On February 8, 2016, arbitration was conducted by Arbitrator Barbara J. Orenstein, Esq. Williams's attorney appeared at the arbitration on behalf of Williams.  Midland appeared at the arbitration by local counsel for Forster & Garbus.  Midland had no witnesses, and was unable to proffer any evidence.  The

arbitrator awarded a decision in favor of Williams against Midland for no cause of action.

14. Prior to the arbitration, Midland and Forster & Garbus failed to serve any responses to Williams's discovery requests.

15. The caption in the Rochester City Court collection claim against Williams designated the plaintiff as *Midland Funding LLC A/P/O Capital One Bank (USA), N.A.* The term "A/P/O" is short for "as purchaser of." Therefore the caption on the summons as well as on the complaint in the collection claim set forth a plaintiff called "Midland Funding LLC as purchaser of Capital One Bank (USA), N.A."

16. Midland never purchased Capital One Bank (USA), N.A.

17. The designation of the plaintiff in the collection claim is therefore inaccurate, deceptive, and confusing. Such a plaintiff does not actually exist.

18. An unsophisticated consumer that was a defendant in the collection action would be confused by such a designation, and would not know who the plaintiff was – whether it was Midland Funding LLC; Capital One Bank (USA), N.A.; Midland Funding LLC as the purchaser of Capital One Bank (USA), N.A.; or otherwise. The consumer could easily be deceived into believing that the original creditor was bringing the collection claim rather than a debt buyer in its own name, or that Midland Funding LLC was authorized as the purchaser of Capital One Bank (USA), N.A. to bring the collection claim without any transfer of the disputed account to Midland. Moreover, the term "A/P/O" is not a recognized legal term, and there is no legitimate basis for putting this term in the caption.

19. In her interrogatories and request for production to Midland in the Rochester City Court action, Williams requested, among other things, documents that showed valid

4

assignments from the alleged original creditor to Midland, notice of assignments, statements of account, and documentation of an agreement between the original creditor and Williams.  In addition, Williams propounded interrogatories regarding the same issues.  However, Midland failed and refused to respond to such discovery requests and failed and refused to provide documentation showing any assignment or assignments from the alleged original creditor to Midland.

20.   Upon information and belief, Midland was incapable, and continues to be incapable, of proving with evidence admissible in Rochester City Court that it owned any account on which Williams was originally liable to Capital One Bank (USA), N.A. by acquiring such an account through one or multiple assignments from Capital One Bank (USA), N.A.; is incapable of proving an agreement between Williams and the original creditor; cannot prove a notice of any assignment; and cannot show an account stated.

21.   Midland and Forster & Garbus represented directly and/or indirectly, and expressly and/or by implication, that they intended to prove the claims set forth in the Rochester City Court complaint if such claims were contested.

22.   In fact, Midland and Forster & Garbus had no intent to prove the claims set forth in its Rochester City Court complaint if such claims were contested, as they were by Williams.  As stated above, Midland and Forster & Garbus failed to respond to discovery requests made by Williams seeking proof of Midland's claims to own the debt as well as other proof, and although local counsel appeared for Forster & Garbus at the arbitration, no witnesses were produced at the arbitration and there was no basis to admit into evidence any proof of Midland's claims.

23.   Williams is liable for attorney fees in the amount of $750.00 for the defense

of the Rochester City Court action, as well as $40.00 in court costs.

## V. FIRST CLAIM FOR RELIEF

24. Williams repeats and realleges and incorporates by reference the above paragraphs of the Complaint.

25. Midland violated the initial part of 15 U.S.C. § 1692e of the FDCPA, which provides: "§ 1692e. False or misleading representations. A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." Midland misrepresented in the collection complaint that it owned, through assignment from Capital One Bank (USA), N.A., a credit card debt on which Williams was liable, when in fact, upon information and belief, it could not show then or at any time that it was the owner of any such debt, or was ever assigned such debt.

26. Midland and Forster & Garbus violated 15 U.S.C. § 1692e by designating the plaintiff in the caption of the collection claim as Midland Funding LLC A/P/O Capital One Bank (USA), N.A., which deceptively and misleadingly represented that Midland purchased Capital One Bank (USA), N.A., and was suing in the capacity of a purchaser of Capital One Bank (USA), N.A. when in fact it was not. In addition, a consumer could easily be confused by such a designation, and would not know if the plaintiff was Midland Funding LLC; Capital One Bank (USA), N.A.; Midland Funding LLC as the purchaser of Capital One Bank (USA), N.A.; or otherwise.

27. Midland violated Section 1692e(2)(A) of the FDCPA by falsely representing in its collection complaint against Williams the character, amount and legal status of the alleged debt. Midland falsely represented in the collection complaint that it owned the

alleged debt in the amount stated. In fact, upon information and belief, Midland had no basis for asserting such ownership, and therefore no legal basis on which to ever attempt collection of the debt, or claim that Williams owed it any amount. Midland's claim to own the debt also violated 15 U.S.C. § 1692e(10), which prohibits the "use of any false representations or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

28. Midland violated 15 U.S.C. § 1692f, which provides in relevant part: "§ 1692f. Unfair practices. A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." Midland violated the general application of § 1692f because it did not own the credit card debt alleged to be owed by Williams in the collection complaint. Midland also violated the specific conduct prohibited by § 1692f(1) because there was no agreement that authorized Midland to collect any amount from Williams with regard to any Capital One Bank (USA), N.A. credit card account.

29. Midland and Forster & Garbus also violated Section 1692e(2)(A) of the FDCPA as to the character and legal status of the alleged debt by stating in the caption of the collection claim that it was the purchaser of the original creditor, and therefore would be entitled to collect on the debt as purchaser of the original creditor rather than as a debt buyer. Midland's claim that it was the purchaser of the original creditor also violated 15 U.S.C. § 1692e(10) since this claim was a false representation and deceptive means to

collect or attempt to collect a debt.

30. Midland and Forster & Garbus violated 15 U.S.C. § 1692e(14) with its claim in the caption to be "Midland Funding LLC A/P/O Capital One Bank (USA), N.A.," a nonexistent entity, by using a "business, company, or organization name other than the true name of the debt collector's business, company, or organization."

31. Midland and Forster & Garbus violated Sections 1692e, 1692e(2)(A), 1692e(5) and 1692e(1) of the FDCPA based on their false and misleading representations that they intended to prove the claims set forth in the Rochester City Court complaint if such claims were contested, when, upon information and belief, they did not intend to prove such claims if they were contested.

32. As a result of the above violations of the FDCPA, Midland and Forster & Garbus are liable to Williams for actual damages for the cost of attorney fees and court costs in defending the lawsuit in Rochester City Court in the amount of $790.00, statutory damages, and costs and attorney fees for prosecuting this action.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Actual damages in the amount of $790.00.

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k.

C. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k.

E. For such other and further relief as may be just and proper.

### *DEMAND FOR JURY TRIAL*

Please take notice that Plaintiff demands trial by jury in this action.

Dated: April 9, 2016

                                    Respectfully submitted,

                                    <u>s/David M. Kaplan</u>
                                    David M. Kaplan
                                    Attorney for Plaintiff
                                    2129 Five Mile Line Road
                                    Penfield, NY 14526
                                    585-330-2222
                                    dmkaplan@rochester.rr.com